UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

TYRONE E. POWELL II,　　　　　　　　　　　CIVIL NO. 17-1469 (DSD/DTS)

　　　　Petitioner,

v.　　　　　　　　　　　　　　　　　　　REPORT AND RECOMMENDATION

L. LARIVA, WARDEN,

　　　　Respondent.

---

Tyrone E. Powell II, 07428-041, 825 N. Christiana, Chicago, Illinois 60651, *pro se* petitioner.

Bahram Samie, Assistant U.S. Attorney, 600 U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415, for respondent.

---

## INTRODUCTION

Tyrone Powell II ("Powell") challenges the computation of his sentence by the Federal Bureau of Prisons ("BOP"). Powell asks the Court to order the BOP to apply a credit of 25 months and 18 days against his sentence which he contends was the intent of the sentencing judge. The Court concludes that the sentence was computed correctly and therefore denies Powell's petition.

## DISCUSSION

The remedy to challenge the BOP's computation of a federal sentence is a habeas corpus petition filed pursuant to 28 U.S.C. § 2241. *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002). The petition is properly filed in the district court in the jurisdiction in which the petitioner is incarcerated. *Id.* At the time he filed this petition,

Powell was incarcerated at the Federal Medical Center in Rochester, Minnesota. Petition ¶ 2, Docket No. 1. He later was moved to a halfway house in Chicago, Illinois. Powell Letter, Docket No. 12. The parties agree that Powell has exhausted his administrative remedies. Petition ¶¶ 7-9, Docket No. 1; Gov't Br. 5, Docket No. 7.

**1. FACTS**

On February 18, 1997, Powell was sentenced in the District of Minnesota to 87 months imprisonment for conspiracy to distribute and to possess with intent to distribute cocaine (Sentence 1). Kelly Decl. Ex. C (judgment in D. Minn. Criminal Case No. 4-96-103), Docket No. 8-1. On April 1, 1999 Powell was sentenced in the Northern District of Illinois to 336 months for conspiracy to possess with intent to deliver a controlled substance (Sentence 2), to run concurrently with his undischarged 87-month Sentence 1. *Id.* Ex. B (judgment in N.D. Ill. Criminal Case No. 95-cr-72-1). On January 30, 2008 Sentence 2 was reduced to 276 months. *Id.* Ex. E (docket entry order in N.D. Ill. Criminal Case No. 95-cr-72-1). The BOP applied prior custody credit of 210 days against each sentence. *Id.* ¶¶ 18A & B and Ex. A ("jail credit" line item of BOP computer printout), Docket Nos. 8, 8-1. Powell has finished serving Sentence 1, which was discharged on November 25, 2002 after application of good conduct time. *Id.* ¶ 18A and Ex. A. Powell's projected release date from Sentence 2, applying good conduct time, is September 16, 2018. *Id.* ¶¶ 18B & 19 and Ex. A.

**2. ANALYSIS**

Powell argues that Sentence 2 should be "fully concurrent" with Sentence 1, in other words, should be deemed to have commenced on February 18, 1997 – the commencement date of Sentence 1 – rather than on April 1, 1999, the date that

Sentence 2 was actually imposed by the sentencing court. Powell therefore asserts that the time period from February 18, 1997 through March 31, 1999 should be credited against his 276-month Sentence 2, and he asks the Court to "correct the originally entered sentencing order by reducing petitioner's sentence 25 months and 18 days." Powell Br. 3, Docket No. 2. Powell contends that the sentencing judge did not follow the proper procedure under U.S. Sentencing Guidelines § 5G1.3 to accomplish the intent to make Sentence 2 concurrent with Sentence 1. *Id.* at 1, 3. He states that the plea agreement should be enforced and interpreted to mean that Sentence 2 is fully concurrent with Sentence 1. Powell Reply Br. 2-3, Docket No. 10. He also argues that the BOP misinterpreted the judge's sentencing order for Sentence 2 when it calculated his sentence. Petition ¶ 8-9, Docket No. 1. Powell's petition and reply brief raise issues regarding what "concurrent" means, the sentencing judge's intent, the BOP's calculation of Sentence 2, and the scope of the issues that are properly before the Court in this § 2241 habeas petition.

### A.    U.S. Sentencing Guidelines § 5G1.3

Powell invokes U.S.S.G. § 5G1.3 to support his argument that he is entitled to receive credit against Sentence 2 for the approximately 25 months (from February 18, 1997 to April 1, 1999) he had already served on Sentence 1. A sentencing court has the authority under § 5G1.3 in certain circumstances to adjust the federal sentence being imposed to account for time served on another undischarged term of imprisonment, and to determine whether the sentence is to be served concurrently or consecutively. Powell points to the paragraph in his plea agreement in which the government and Powell acknowledge the sentencing court's authority to choose a

concurrent, partially concurrent, or consecutive sentence under § 5G1.3(c) and "the parties agree to recommend to the court that the sentence for the instant offense should be imposed to run concurrently to [Powell's] undischarged term of imprisonment." Powell Br. 2 and Appendix B (Plea Agreement 9, para. (i)), Docket No. 2. Powell contends that the sentencing judge and/or the BOP failed to achieve the intended "fully concurrent" sentence. *Id.* at 1-3.

First, a request that a sentence be reduced based on § 5G1.3 is a challenge to the sentence itself, not the BOP's computation of it. This challenge to the sentence must be brought under 28 U.S.C. § 2255 in the district of the sentencing court, not in a § 2241 habeas petition. *See Matheny*, 307 F.3d at 711 (challenge to validity of sentence itself must be brought under § 2255 in district of the sentencing court)*; Noble v. Fondren*, Civil No. 08-6259, 2009 WL 4723357, at *7 (D. Minn. Dec. 2, 2009) (an argument that a sentencing court intended to, or should have, applied § 5G1.3 is an attack on the judgment itself and is not properly before the court in a § 2241 habeas petition) (citing cases).

Second, as to the sentencing judge's intent, the record indicates that Powell's § 5G1.3 argument was previously presented to and rejected by Judge Lindberg. He clarified that, when imposing Sentence 2, he did not intend that Powell receive credit for the approximately 25 months at issue. In Powell's reply brief he withdrew his argument regarding the sentencing judge's intent. *See* Powell Reply Br. 1, Docket No. 10. Nonetheless, the Court will address the subject briefly. An August 11, 2003 Minute Order by Judge Lindberg states:

> Defendant Tyrone Powell's motion for clarification of sentence [153-1] is denied. As the government has noted this court does not have jurisdiction

> to consider a motion to give defendant credit for 25 months of pre-trial detention; that motion would have to be made in the district in which defendant is incarcerated. However, defendant's reply indicates he is requesting that this court as the sentencing court clarify his sentence by recommending that the Bureau of Prisons grant the credit. The court sees no reason why it does not have jurisdiction over this motion. However, the court disagrees with defendant's motion's premise. It was not [the] court's intention at sentencing that defendant receive credit for the 25 months of pretrial detention, which occurred while defendant was serving a sentence for another offense.

*See* May 21, 2003 Motion and Aug. 8, 2003 Minute Order (Judge George W. Lindberg), Northern District of Illinois Criminal Case No. 95-cr-72-1 Docket Nos. 153, 162.[1]

Third, there is nothing on the face of the judgment itself that refers to considerations under § 5G1.3 or is inconsistent with the sentencing judge's 2003 Minute Order re-stating his intent in imposing Sentence 2. *See* Kelly Decl. Ex. B (judgment in N.D. Ill. Criminal Case No. 95-cr-72-1), Docket No. 8-1. In other words, there is nothing in the sentencing order that would have provided a basis for the BOP to calculate Powell's sentence differently than the way it did. For all of the above reasons, Powell's request that his sentence be reduced pursuant to § 5G1.3 is not properly before the Court in this § 2241 petition.

### B. Commencement of Sentence 2, and Concurrent Sentences

The sentencing court imposed Sentence 2 on April 1, 1999 and ordered that it run concurrently to Sentence 1. *See* Kelly Decl. Ex. B (judgment in N.D. Ill. Criminal Case No. 95-cr-72-1), Docket No. 8-1. Powell argues that concurrent means "fully concurrent" to his prior undischarged Sentence 1, while the government points out that it means concurrent only to the *remainder* of Sentence 1 that is still to be served.

---

[1] The Court takes judicial notice of the Minute Order filed in the public docket of the Illinois federal prosecution involved in this case. *See* Fed. R. Evid. 201(b); *Zimmerman v. Bellows*, 988 F.Supp.2d 1026, 1029 n.1 (D. Minn. 2013) (judicial notice of docket).

The federal statute that governs when a sentence "commences," 18 U.S.C. § 3585(a), states:

> **(a) Commencement of sentence.** A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

Powell was serving federal Sentence 1 at the time federal Sentence 2 was imposed, and thus he began "serving" Sentence 2 (concurrently with Sentence 1) on the date it was imposed. A sentence cannot "commence" before it is imposed. *See Sizemore v. Outlaw,* 363 F. App'x 424, 424-25 (8th Cir. 2010) (per curiam) (unpublished) (citing *Coloma v. Holder*, 445 F.3d 1282, 1283-84 (11th Cir. 2006) (per curiam)); *Noble,* 2009 WL 4723357, at *4 (citing cases); BOP Program Statement 5880.28, *Sentence Computation Manual,* at 1-13 ("In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed."), Kelly Decl. Ex. D, Docket No. 8-1, *also available at* www.bop.gov/policy/progstat/5880_028.pdf. Consequently, a sentence ordered to run concurrently with a sentence being served can only run concurrently with that part of the prior sentence that remains to be served. *Stevenson v. Terrell*, Civil No. 08-6058, 2009 WL 1035161, at *3 (D. Minn. Apr. 16, 2009). The BOP properly determined that Powell's Sentence 2 commenced on April 1, 1999. It cannot be back-dated to be deemed to commence on February 18, 1997, the date on which Sentence 1 was imposed.

In his reply brief Powell further explained his arguments in support of his petition. He stated that the sentencing court accepted the plea agreement, the parties are bound by it, and the concurrent sentence should be interpreted under that agreement to mean "fully concurrent." Powell Reply Br. 2-3, Docket No. 10. In particular, Powell stated

6

that, at the time of his plea agreement and sentencing, no one explained what a "concurrent" sentence meant under applicable law and in his particular case. *Id.* at 2. He stated that he understood "concurrent" to mean "fully concurrent" because, absent any other explanation, it was the logical interpretation of the word, given that the three options listed in the plea agreement – and in § 5G1.3 – are that a sentence could be imposed "to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment"; the parties agreed to recommend that his sentence "run concurrently"; and the sentencing court imposed a "concurrent" Sentence 2. *Id.* at 2-3. Powell asks the Court to apply the rule of lenity and "to set a precedent" given the complexity regarding concurrent sentences. *Id.*

However, the remedy Powell requests is beyond the limited scope of this § 2241 petition. The Court's role and authority here is not to review the sentence itself, or any other proceedings in the sentencing court; rather, it is to review whether the BOP properly calculated Sentence 2 as it was imposed by Judge Lindberg and under applicable law. This Court cannot speak to matters regarding Powell's understanding or communications with his counsel, or counsel's communications with the government, before his guilty plea and plea agreement in August 1998[2] which led to the April 1, 1999 sentencing order for Sentence 2. Those matters are not before the Court in the present case and are not within the scope of this petition challenging the BOP's sentence computation.

The BOP correctly determined that Sentence 2 commenced on April 1, 1999, the date it was imposed.

---

[2]  N.D. Ill. Criminal Case No. 95-cr-72-1 Docket Nos. 110-11.

### C. Presentence Credit Under 18 U.S.C. § 3585(b)

Powell also is not entitled to credit for the time between February 18, 1997 and April 1, 1999 under 18 U.S.C. § 3585(b) which governs "presentence" time in custody. Section 3585(b) states:

> **(b) Credit for prior custody.** A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences —
>
> **(1)** as a result of the offense for which the sentence was imposed;
>
> or
>
> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> **that has not been credited against another sentence**.

(Emphasis added.)

The BOP applied 210 days of presentence credit against Sentence 2: January 13, 1993; March 26, 1993; September 6, 1993; August 1, 1994; September 16, 1994; November 20, 1994; December 30, 1994; and July 30, 1996 through February 17, 1997. Kelly Decl. ¶ 18B and Ex. A ("jail credit" line item of BOP computer printout), Docket Nos. 8, 8-1. These 210 days are not in dispute in this habeas petition.

The BOP did not apply credit to Sentence 2 for the time period between February 18, 1997 and April 1, 1999 because during that time period Powell was serving Sentence 1. Section 3585(b) expressly disallows *presentence* credit for time that has been credited against another sentence. Therefore, Powell is not entitled to credit on his Sentence 2 for the time he was serving Sentence 1 between February 18, 1997 (the

date Sentence 1 was imposed) and April 1, 1999 (the date Sentence 2 was imposed). The BOP properly calculated Powell's sentence.

## RECOMMENDATION

For the reasons set forth above, IT IS RECOMMENDED THAT:

1. Powell's Petition for a Writ of Habeas Corpus [Docket No. 1] be DENIED;

and

2. This case be DISMISSED WITH PREJUDICE.

Dated: April 13, 2018

*s/ David T. Schultz*
DAVID T. SCHULTZ
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).